IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 22-2382 |
|         Appellee | ) | |
| v. | ) | |
| | ) | |
| CHARLES NOLDEN | ) | (Electronically Filed) |
|         Appellant | ) | |

## APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE OF ORDER DENYING COMPASSIONATE RELEASE

AND NOW, comes the United States of America, by and through its attorneys, Gerard M. Karam, United States Attorney for the Middle District of Pennsylvania, and Scott R. Ford, Assistant U.S. Attorney, and moves pursuant to Local Appellate Rule 27.4 and IOP 10.6 for summary affirmance of the district court's order denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as no substantial question is presented for review in this matter.

I.   Background.

On February 16, 2021, Nolden pled guilty, in accordance with a written plea agreement, to a two count superseding information which charged him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). The plea agreement was

entered, pursuant to Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed that the defendant be sentenced to 14 years imprisonment, a three year term of supervised release, a $500 fine, and a $200 special assessment. (Doc.[1] 90) In exchange for Nolden pleading guilty, the government agreed to dismiss an indictment which had charged him, among other things, with possession of a machine gun in furtherance of drug trafficking. (*Id.*) On October 28, 2021, the Court sentenced Nolden in accordance with the plea agreement. (Doc. 120)

The charges related to an investigation in which determined Nolden sold heroin to a cooperating source on August 22, 2017 and again on August 23, 2017. (PSR ¶7). On August 23, 2017, officers executed a search warrant on Nolden's residence and discovered a bag containing 13.38 grams of a mixture containing heroin and fentanyl, rubber bands, empty glassine bags, and a digital scale. (PSR ¶8.) In Nolden's vehicles, investigators found seven glassine bags containing an additional 1.31 grams of a mixture containing both heroin and fentanyl, two Oxycontin pills, and a box of empty glassine bags. (PSR ¶ 10).

---

[1] Refers to document numbers at the U.S. District Court for the Middle District of Pennsylvania Docket Number 1:18-CR-0048.

Investigators also found an AR-15 rifle, a fully loaded 30 round magazine, 150 rounds of 5.56 ammunition, and various rifle parts under Nolden's bed. The rifle had been modified to fire on fully automatic. (PSR ¶9).

This was not Nolden's first brush with law enforcement as Nolden has a lengthy and violent criminal history, spanning over 25 years, involving multiple firearms violations, and offenses committed while on some form of supervision. That criminal history began at only the age of 14, when he was observed by law enforcement officers with a loaded .38 caliber revolver. (PSR ¶30). Then, at the age of 15, he and two other minors assaulted an individual by throwing pieces of bricks and asphalt at the victim. (PSR ¶31). In 1999, at the age of 19, he suffered his first adult conviction after being found in possession of crack cocaine. (PSR ¶32).

In 2000, Nolden was convicted of possession with the intent to deliver crack cocaine, which resulted in a sentence of 1 to 2 years in prison. (PSR ¶33). Then while on bail for that charge, he was the driver in a drive-by shooting which resulted in a death. As a result, Nolden

pled guilty to conspiracy to commit third degree murder and was sentenced to 5-10 years. (PSR ¶34).

Undeterred by his previous convictions and sentences, Nolden was then convicted in U.S. District Court for the Middle District of Pennsylvania for being a felon in possession of a firearm in 2009. That resulted in a sentence of 77 months in prison and while still on supervised release, the Nolden committed the offenses leading to his current term of imprisonment. (PSR ¶35).

Nolden is currently serving his sentence at Allenwood Medium FCI and has a projected release date of April 11, 2031. *(See, Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ using BOP Register Number "16326-067," last visited November 16, 2022). On May 3, 2022, Nolden filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 124). In Nolden's Motion for Compassionate Release, he claimed he suffers from atrial fibrillation and pulmonary fibrosis. (Doc. 124, 1-2). Nolden also claimed he was rushed to the hospital on April 4, 2022 due to complications with his heart and that the medical staff at FCI

Allenwood (Medium) could not provide him proper medical care. (*Id.*, 5).

Section 3582(c)(1)(A) allows a court to reduce a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." In turn, the applicable policy statement of the Sentencing Commission, U.S.S.G. § 1B1.13, defines the "extraordinary and compelling reasons" that qualify, including the situation where "[t]he defendant is . . . suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13 app. note 1(A)(ii).

On July 5, 2022, the U.S. District Court for the Middle District of Pennsylvania denied Nolden's motion. (Doc. 132, Order on Motion for Sentence Reduction under 18 U.S.C. §3582(c)(1)(A)). First, the court

found Nolden had not established extraordinary and compelling reasons for his release:

> Defendant has medical conditions (atrial fibrillation and pulmonary fibrosis) that can increase his risk of severe illness from COVID-19, but he is only 42-years old and there is no evidence that those medical conditions are not well-controlled and monitored at FCI-Allenwood-Medium, where he is currently incarcerated. From the record, it appears that Defendant is able to provide self-care and his medical needs are being met. While Defendant has some complaints regarding the medical care, the court cannot grant compassionate release for that reason. Defendant also has a general fear of contracting CVID-19, however, that is not considered an extraordinary and compelling reason for compassionate release.

Doc. 132, Court Order, 4.

The court also found that even if Nolden had demonstrated extraordinary and compelling reasons for his release, the Section 3553(a) factors militated against a sentence reduction.

> Defendant has not served a substantial amount of the 168-month sentence and has a project release date of April 11, 2031. The 168-moth sentence already reflects a Rule 11(c)(1)(C) agreement whereby the parties agreed to this sentence versus the potential guideline sentence of 262 months. While the court commends Defendant for working daily and being a model inmate, he nonetheless has an extensive criminal

> history with the offenses at issue in this case being quite serious (possession of a firearm by a felon and possession of a firearm in furtherance of drug trafficking). Thus, the court finds the goals of sentencing – specifically reflecting the seriousness of the offense, providing just punishment, affording adequate deterrence, and protecting the public – require that Defendant's sentence remain intact.

*Id.*

On July 28, 2022, Nolden filed a notice of appeal with regard to the order.

## II. Standard of Review.

The denial of a motion for compassionate release is reviewed for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). Under this standard, this Court will not disturb such a denial unless there is a "definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached." *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

This standard is consistent with appellate courts' deferential review of sentencing decisions. Such deference rests on the district courts' greater familiarity with sentencing matters and "superior vantage point," *United States v. Tomko*, 562 F.3d 558, 566 (3d Cir.

2009) (en banc), such that "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," *Id.* at 568.

### III. Discussion.

This appeal does not present a substantial question for review, as the district court's decision was plainly a permissible exercise of its discretion. The District Court clearly acted within its discretion in determining that Nolden committed serious crimes resulting in his 168-month sentence, and that his current sentence provides just punishment, affords adequate deterrence and protects the public. These findings directly address the relevant sentencing factors and do so recognizing the undisputed facts regarding Nolden's crimes and history. At most, all Nolden could do in any briefing on this appeal is disagree with the district court's judgment and the weight it afforded the undisputed evidence before it. Such disagreement, however, is insufficient:

> As we have previously explained, "a district court's failure to give mitigating factors the weight a defendant contends they deserve" does not make a sentence substantively unreasonable.

> *United States v. Bungar*, 478 F.3d 540, 546 (3d
> Cir. 2007); *see also United States v. Young*, 634
> F.3d 233, 243 (3d Cir. 2011) ("The District Court's
> decision to accord less weight to mitigation
> factors than that urged by [the defendant] does
> not render the sentence unreasonable."). It is the
> trial court that "sees and hears the evidence,
> makes credibility determinations, [and] has full
> knowledge of the facts and gains insights not
> conveyed by the record." *Tomko*, 562 F.3d at 561
> (quoting [*Gall v. United States*, 552 U.S. 38, 51
> (2007)]. We thus defer to the District Court's
> application of the § 3553(a) factors. *Bungar*, 478
> F.3d at 543 (noting that our review of a district
> court's application of the § 3553(a) factors "to the
> circumstances of [a] case ... is highly deferential").

*United States v. Seibert*, 971 F.3d 396 (3d Cir. 2020).

In similar circumstances in *Pawlowski*, this Court held that the district court did not abuse its discretion in denying a motion for compassionate release related to the COVID-19 pandemic, even when the appellant had demonstrated extraordinary and compelling reasons for his release. In that case it was not disputed that the defendant was eligible for consideration, given the defendant's conditions including hypertensive heart disease and chronic obstructive pulmonary disease (COPD) that qualified as CDC risk factors. Moreover, the defendant was held at an institution that had seen an outbreak of the virus, including one death. The district court, however, denied relief, and this

9

Court affirmed, finding "no clear error of judgment here," given the seriousness of the offense (political corruption). *Id.* at 330.

It is clear the district court looked at each of the Section 3553(a) factors before denying Nolden's motion. It noted his "extensive criminal history," the fact the sentence was agreed to by Nolden, and the fact he had not served a substantial portion of the sentence. (Doc. 132, 4). The court even specifically stated, "the goals of sentencing – specifically, reflecting the seriousness of the offense, providing just punishment, affording adequate deterrence, and protecting the public – require that Defendant's sentence remain intact." (*Id.*) In sum, the district court made a discretionary judgment squarely grounded on the facts before it, and there is no basis for this Court to reach a "definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached." Thus, this appeal does not present a substantial question for review and should be summarily affirmed.

## IV. Conclusion.

WHEREFORE, the United States of America, appellee in the above-captioned appeal, respectfully requests that this Court enter an order summarily affirming the district court's denial of Nolden's motion for compassionate release.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

/s/ Scott R. Ford
SCOTT R. FORD
Assistant U.S. Attorney
scott.r.ford@usdoj.gov
Bar ID: PA 313258
228 Walnut Street, Suite 220
Harrisburg, PA 17108-1754
Phone: (717) 221-4482

## **CERTIFICATE OF SERVICE**

I certify that on November 16, 2022, I served the foregoing document by first class mail on the following individual:

Charles Eugene Nolden - #16326-067
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

<u>/s/ Scott Ford</u>
Scott Ford
Assistant U.S. Attorney